No. 780 August 27, 2025 149

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WILLIAM M. McKNIGHT, SR.,
*Petitioner,*

*v.*

DEPARTMENT OF PUBLIC SAFETY STANDARDS
AND TRAINING,
*Respondent.*

Department of Public Safety Standards and Training
001899;
A180994

Submitted October 18, 2024.

William McKnight filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Petitioner seeks judicial review of a final order of the Department of Public Safety Standards and Training (DPSST) that imposed a civil penalty of $3,000 for violations of OAR 259-060-0450(2)(b) and (i). We understand petitioner to raise one assignment of error, arguing that DPSST erred in holding him liable for the violations and imposing the penalty. He does not challenge the factual findings. Accordingly, we review for legal error, ORS 183.482(8)(a), and we affirm.

Petitioner acknowledges that he was the designated executive manager for Metro Enforcement Special Services (Metro), a security provider company, from July 2019 to September 2020. He does not contest that, during that time period, several individuals employed by Metro to provide security services lacked a valid work permit or valid certifications and that he failed to provide DPSST with payroll records as requested. Accordingly, DPSST held petitioner responsible, as executive manager during the relevant time period, for two violations of OAR 259-060-0450(2)(i) and one violation of OAR 259-060-0450(2)(b). Following a hearing conducted by an administrative law judge (ALJ), the ALJ issued a proposed order, later adopted as a final order by DPSST, holding petitioner responsible for the three rule violations and imposing a civil penalty of $1,000 for each violation.

The primary issue on judicial review is whether a company's designated executive manager may be held liable for the company's violations of DPSST rules. Petitioner argues that although he was the designated executive manager, he cannot be held liable under OAR 259-060-0450(2)(i) because he had no control over hiring, nor under OAR 259-060-0450(2)(b) because he had no access to the records in question. He also argues that the penalty assessed against him was arbitrary, unreasonable, and violative of his due process rights. In response, DPSST asserts that petitioner's arguments are unpreserved, and at any rate, fail on the merits. Assuming without deciding that petitioner's arguments are preserved, we agree with DPSST.

Under ORS 181A.840(2)(d) and OAR 259-060-0010(17),[1] an executive manager has "final responsibility" for a company's compliance with the statutes and rules covering private security requirements. OAR 259-060-0130(3) provides that an executive manager is "responsible for ensuring compliance of all private security providers employed by businesses or entities by which the executive manager is employed or contracted." Notwithstanding petitioner's asserted lack of control over the processes leading to the rule violations, by agreeing to act as executive manager, petitioner agreed to take responsibility for Metro's compliance with DPSST rules. Petitioner also argues that he cannot be held liable because he had no mental culpability, but violations of the rules in question require no culpable mental state. ORS 161.105(1)(a). Because there is no dispute that the rule violations occurred and that petitioner was the designated executive manager, we conclude that DPSST did not err in holding petitioner liable for the violations.

We turn now to petitioner's challenges to the civil penalty assessed. ORS 181A.995(2) permits "a civil penalty not to exceed $1,500" for violations of DPSST rules. OAR 259-060-0450(9)(d) provides that "contract executive managers *** will be charged a penalty of not less than $1,000 for the first violation and a maximum of $1,500 for each flagrant violation." The penalty that DPSST imposed was expressly authorized by statute and was the minimum penalty for each violation. As for petitioner's due process argument, the uncontested facts demonstrate that DPSST notified petitioner of its intent to impose a civil penalty and held a hearing on the matter at which petitioner appeared and testified. ORS 183.745(2) - (4). The penalty was then subject to judicial review. ORS 183.745(5). For the foregoing reasons, we are not persuaded that the civil penalty assessed by DPSST was arbitrary, unreasonable, or violative of petitioner's right to due process.

Affirmed.

---

[1] OAR 259-060-0010(17) was the version of the rule that was in effect in 2019. The subsection is currently numbered OAR 259-060-0010(20), but the substance of the rule has not changed.